## BAKER *v.* UNITED STATES.

### (*Circuit Court, D. California.* March 5, 1888.)

COURTS—JURISDICTION—CLAIMS AGAINST UNITED STATES—SURVEYING CONTRACTS.

The act of Congress March 3, 1887. (24 St. 505,) provides that where the amount in controversy is between $1,000 and $10,000 the circuit courts shall have concurrent jurisdiction with the court of claims of "all claims * * * founded upon * * * any law of congress. * * * or upon any contract, express or implied, with the government of the United States," etc.; "claims which have heretofore been rejected or reported on adversely by any court, department, or commission authorized to hear and determine the same" being excepted. The complaint upon a surveying contract set out that the surveyor general of California had approved the field-notes, and certified them, as well as the performance of the work. but that before he forwarded his report to Washington, D. C., he was instructed by the commissioner of the general land-office to proceed no further in the matter. Under the terms of the agreement, this report should have gone to the said commissioner, and, if approved by him, been then referred to the auditor for final allowance and payment. *Held,* on demurrer to complaint, that the claim had not been "heretofore rejected or reported on adversely," within the meaning of the act, and that the circuit court, sitting in California, had jurisdiction, the amount sued for being between $1,000 and $10,000.

At Law. On demurrer to complaint.

*A. P. Van Duzer,* for plaintiff.

*J. C. Carey,* U. S. Atty., for defendant.

SAWYER, J., (*orally.*) This is a suit on one of these surveying contracts,—a civil suit to recover the amount due on one of these contracts, — the persons connected with which are under indictment in this court for conspiring to defraud the government. The point is made and urged, that the court has no jurisdiction, for the reason that this particular claim has already been passed upon by the land department at Washington, and rejected; and that it so appears upon the face of the complaint. I do not so read it. The contract is set out in full, and in connection with the other allegations in the complaint, I think, a good cause of action is stated. The objection made to the jurisdiction is, that the case stated is not within the terms of the act, as it appears to have been considered and rejected by the proper department.

The act of March 3, 1887, conferred jurisdiction on the court of claims to hear and determine "all claims * * * founded upon * * * any law of congress, * * * or upon any contract, express or implied, with the government of the United States," etc., provided nothing in the act shall be construed to give jurisdiction to hear and determine "claims which have heretofore been rejected, or reported on adversely by any court, department, or commission authorized to hear and determine the same." 24 St. 505. Section 3 gives concurrent jurisdiction to the circuit courts over all such claims wherein the amount claimed exceeds $1,000, and is less than $10,000. I am not fully satisfied what the exception as to a determination or reporting against by a department is in-

tended to embrace. But giving the provision its broadest signification, it only extends to claims "heretofore" acted upon and rejected by the department, that is to say, before the passage of the act; and that does not include the contract set out in the complaint in this action. The complaint does not say that the claim has been passed upon by the department at Washington, and rejected. The surveyor general was, according to the contract, to approve and certify to the field-notes, and certify to the amount due, and then his approval and certificate were to be sent to Washington, where it was to be considered by the commissioner of the general land-office for his approval, and then referred to the auditor for final allowance and payment, so that the auditor was the man to finally pass upon the claim. The averments are that the surveyor general approved and certified to the field-notes in the proper mode,—had approved the field-notes; certified that the work was performed in accordance with the contract, and that the plaintiff is entitled to his money; but that before he forwarded his report to Washington, he received orders from the commissioner of the general land-office not to take any further action in it, or to report it to Washington. That in consequence of these positive and distinct orders, it had never been forwarded to Washington, consequently the department at Washington whose duty it was to pass upon the claim never did consider and pass upon it, and it never was determined or rejected. On the contrary, by the action of the commissioner, consideration was prevented, and it was not determined or rejected by the proper department before the passage of the act or at any time. I do not think it comes within the proviso, that excluded from jurisdiction claims "heretofore" determined or rejected by the department, giving the statute the broadest signification. I do not think it comes within the purview of that prohibitory clause, and the complaint states a good cause of action over which the court has jurisdiction.

The demurrer must therefore be overruled, and it is so ordered.